## YELLOW PINE OIL COMPANY v. ANNA NOBLE.

### No. 1622.   Decided February 20, 1907.

**1.—Certified Question.**

A certified question whether error was committed in giving a charge calling for a verdict for defendant in case his employe was injured through violating his instructions, and was guilty of negligence thereby, does not present the question whether the act should not be held an assumption of the risk by the employe, whether held negligence or not. (Pp. 360, 361.)

**2.—Same—Master and Servant—Charge.**

A servant employed to gauge oil in the tanks of an oil company, and warned not to go upon the tanks unaccompanied because of danger from poisonous fumes of the oil, having disregarded the warning and met death in conse-

quence, an instruction that in such case his act would prevent recovery for his death, if it was what an ordinarily prudent person would not have done, was not affirmatively erroneous. The question whether he assumed the risk, without regard to the question of negligence in his act, did not arise on error assigned to the giving such charge. (Pp. 359–361.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

*Greer & Minor* and *W. E. Miller,* for appellant.—The servant assumes not only the risks and dangers ordinarily and necessarily incident to the business in which he is engaged, but also the risks and dangers incident to such business as actually conducted and of which the servant has knowledge, or should have known by the exercise of ordinary care and prudence; even though said superadded risks and dangers are brought about by the neglect of the master. Quill v. Houston & T. C. Ry. Co., 93 Texas, 616; St. Louis S. W. Ry. Co. v. Rea, 12 Texas Court Rep., 990; Rogers v. Galveston Ry. Co., 76 Texas, 505; Texas & P. Ry. Co. v. Bradford, 66 Texas, 734; Crawford v. Houston & T. C. Ry. Co., 89 Texas, 93; Brown v. Miller, 62 S. W. Rep., 547; Gulf, C. & S. F. Ry. Co. v. Gray, 63 S. W. Rep., 929.

Appellant had the right to prescribe rules and regulations for the government of said Noble in the performance of his duties, and if he violated such rules and instructions, and by reason of such violation was injured, plaintiffs can not recover. Galveston, H. & S. A. Ry. Co. v. Brown, 63 S. W. Rep., 306; San Antonio & A. P. Ry. Co. v. Wallace, 76 Texas, 637; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 400; Pilkinton v. Gulf, C. & S. F. Ry., 70 Texas, 229; Fritz v. Missouri, K. & T. Ry. Co., 30 S. W. Rep., 87.

*Jas. A. Harrison,* for appellee.—Knowledge of defect does not cause risk to be assumed if servant is ignorant of the danger. Galveston, H. & S. A. Ry. Co. v. Hughes, 54 S. W. Rep., 264; Galveston, H. & S. A. Ry. Co. v. Parrish, 40 S. W. Rep., 191; Galveston, H. & S. A. Ry. Co. v. Smith, 57 S. W. Rep., 1001.

WILLIAMS, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the First District as follows:

"In this case Anna Noble, widow of Washington Noble, deceased, and their minor children, sued the Yellow Pine Oil Co. to recover damages occasioned by the death of the said Washington Noble, which it is claimed was caused by the negligence of said Oil Company. They recovered judgment and defendant appeals.

"Deceased, at the time of his death, was in the employ of appellant, his business being to gauge the oil as it flowed from appellant's oil wells into certain tanks furnished for its reception by the Sabine Oil and Marketing Co., to whom appellants had sold it. Noble was in the employ of appellant but one day. Early on the morning of the next day after his employment, about three or four o'clock in the morning, he was found dead upon top of one of the oil tanks aforesaid, his death evidently having been caused by inhaling the poisonous gas escaping from the oil in the tank.

"Testimony was introduced by appellant which tended to prove that Noble had been specially warned of the danger of going about the oil tank to gauge the oil unaccompanied by someone to take him away in case he was gassed, before any harm came to him, and that he had been told not to do so. This warning is shown by the evidence referred to to have been given by appellant's manager, who was also its secretary and treasurer.

"In this state of the evidence the trial court gave to the jury the following charge:

" 'You are further instructed that if you believe from the evidence that the deceased, at the time of his death, had gone upon said tank in the discharge of his duties, but you further believe that he had gone up there alone at the time, and you further believe from the evidence that theretofore the defendant had warned and forbidden him to go upon said tank alone; and you further believe from the evidence that in going upon said tank alone, in disregard of the warning and instructions of the defendant, the deceased did that which an ordinarily prudent person would not have done under the same or similar circumstances, then you are instructed that the deceased in so doing was guilty of contributory negligence, and if such negligence directly and proximately contributed to his death it is your duty to return a verdict for the defendant.'

"This was assigned as error and upon the hearing of the appeal the assignment was sustained. Upon motion for rehearing it is insisted by appellees that this ruling is in conflict with the opinion of the Supreme Court in Galveston, H. & S. A. Ry. v. Adams, 58 S. W. Rep., 532 and with the opinion of the Courts of Civil Appeals in several cases.

"In considering the motion for rehearing we are in some doubt as to the correctness of our opinion as to the charge referred to, and we therefore certify to the Honorable Supreme Court the following question, which we deem material to the disposition of the motion:

"Did this court err in holding that the charge of the trial court referred to was error?

"This court was influenced in its ruling by the opinion of the Supreme Court in Galveston, H. & S. A. Ry. v. Brown, 63 S. W. Rep., 305."

Upon the certificate, as presented, the question which, from the reference to the cited cases, the Court of Civil Appeals seems to have in mind does not arise. That question seems to be, whether or not the court should have instructed the jury that Noble's disregard of the warning and instruction given him, if proven, would defeat plaintiffs' action, without inquiry as to whether or not his act was a negligent one. It does not appear that the charge given contained anything contrary to that view. The instruction stated was, in effect, that if such conduct was shown and was negligent the verdict must be for defendant, which is true. It can not be said that this instruction was erroneous. In the absence of something else in the charge, a special instruction that disregard of such a warning would constitute contributory negligence or an assumption of the risk could consistently have been asked and given; which demonstrates that what is complained of

was the mere omission of the court to go as far as it is now contended it should have gone, which omission should have been supplied by a request for a special instruction. (Parke v. San Antonio Trac. Co., 16 Texas Ct. Rep., 186; San Antonio & A. P. Ry. v. Lester, 13 Texas Ct. Rep., 813.) For this reason we say that the question indicated as in the minds of the Court of Civil Appeals does not appear from the certificate to be properly presented in the case. We can only answer the question asked by saying that the charge given was not erroneous. Our views upon such charges are more fully stated in the cases referred to.