This case is presented upon a certificate from the Court of Civil Appeals for the Second District. Its nature may be gathered from the opinion of Mr. Justice Stephens, writing for the majority of the Court of Civil Appeals, and the dissenting opinion of Mr. Justice Speer, both of which will he inserted by the reporter.
The dissent arose upon a charge given and a special charge refused by the trial court, which are as follows:
"3. If you find from the evidence that Hugh Johnson approached the crossing or road, on or near Pine Street, crossing defendant's *Page 430 
road, for the purpose of going to the south side of said town, and that said crossing or road or street was blocked with cars by defendant for a longer time than five minutes after he approached said crossing and if you find that he waited for longer than five minutes at said crossing for the purpose of going to the south side of said town, and that said crossing remained blocked and that he went on down said track to a foot-path leading across said track of said defendant from the north to the south side of said town, for the purpose of going around said train of cars, and if you find that said footpath was commonly used by the public in passing to and fro from the north and south side of said town with the knowledge and acquiescence of the defendant; and if you find that it was customary for the defendant to block said road, street and footpath with cars for a longer period than five minutes at a time and that it was customary at said times for people passing to and fro along said footpath to pass between the cars when so blocked, and that such custom, if any, was known to the defendant; and if you further find that said Hugh Johnson attempted to pass between said cars at said time at said footpath, while said cars were standing still, and that his foot was caught between the bumpers of the same and mashed necessitating amputation, and if you find that the employees in charge of said cars moved the same without any warning to said Hugh Johnson, or without ringing the bell or blowing the whistle of the engine, and if you further find that the moving of said cars under said circumstances, if they were so moved, was negligence as heretofore defined, that said Hugh Johnson was thereby injured, and the plaintiff's thereby damaged and that said negligence, if any, was the proximate cause of plaintiff's injury, you will find for the plaintiffs, unless you find that said Hugh Johnson failed to exercise the care for his own safety that a person of ordinary prudence of his age would exercise under the same circumstances."
Special charge refused: "You are instructed that under the evidence in the case, you can not find for the plaintiffs on the ground that the defendant blocked the crossing described in the evidence as just west of the depot, or the paths mentioned in the evidence, even though you may believe that the said paths and crossings were blocked for more than five minutes or any length of time and even though you may believe that the defendant was negligent in blocking the same."
The following questions are asked with reference to these charges:
"First. Did or not the trial court err in the third paragraph of his charge to the jury by making the conduct of appellant in obstructing the street with its cars in violation of the city ordinance of the city of Dalhart, Dallam County, Texas, unduly prominent?
"Second. Did or not the trial court err in refusing the third special instruction requested by appellant to the effect that its negligence in blocking the streets would not warrant a recovery?
"Third. Was or not the blocking of the street of appellant *Page 431 
with its cars, over which street appellee desired to pass, a contributing proximate cause of appellee Hugh Johnson's injuries?"
We answer the first and second questions in the negative, the reasons being satisfactorily given in the opinion of Mr. Justice Speer. The third question calls for a conclusion upon a mixed question of law and fact to be drawn from the entire record, which is not before us, and, therefore, it would probably be improper and certainly unnecessary for us to answer it further than is done in answering the first and second questions. We gather enough from the two opinions to enable us to say that the trial court did not err in submitting the question of proximate cause to the jury.
The other question is submitted upon the charge given by the trial court instead of special instructions requested by the defendant. It is copied in the majority opinion from which the nature of the objection made to it may be seen. The charge thus given should be treated as any other instruction given by the court. It states a correct rule of law for the benefit of the defendant and contains no affirmative error. If the defendant desired a more distinct separation of the two phases of contributory negligence relied on, correct special instructions should have been requested. (Yellow Pine Oil Co. v. Noble,100 Tex. 358; Parks v. San Antonio Traction Co.,100 Tex. 222.) The question certified does not call upon us to answer whether or not the requested instructions in lieu of which that in question was given were improperly refused. We answer that there was no error in the instructions given.