ABILENE LIGHT & WATER CO. v. ROBINSON.†

(Court of Civil Appeals of Texas. Ft. Worth. March 16, 1912. Rehearing Denied April 13, 1912.)

1. MASTER AND SERVANT (§§ 281, 278*)—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—EVIDENCE.

In an action for injuries to a telephone lineman, caused by the breaking of a defective pole, evidence *held* to support a finding that the company, and not plaintiff, was chargeable with a duty to select the poles, and that it was guilty of negligence in selecting the pole in question.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996, 954–972, 977; Dec. Dig. §§ 281, 278.*]

2. MASTER AND SERVANT (§§ 217, 208*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

Where a telephone company was guilty of negligence in furnishing a defective pole, and its lineman neither knew of the defect before it broke with him, nor had any instruction to use a ladder in ascending the poles, instead of climbing them, he did not assume the risk of injury while climbing the pole in a careful manner.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600, 551; Dec. Dig. §§ 217, 208.*]

3. MASTER AND SERVANT (§ 281*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to a telephone lineman, caused by the breaking of a defective pole, evidence *held* to support a finding that the plaintiff was not guilty of negligence in failing to discover the defect before climbing the pole.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

4. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for injuries to a telephone lineman, caused by the breaking of a defective pole, an instruction that if plaintiff was warned to use a ladder in climbing poles, and he disregarded such warning, he was guilty of negligence, which proximately contributed to his injury, was not on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

5. APPEAL AND ERROR (§ 1033*)—HARMLESS ERROR.

A telephone company, sued for injury to a lineman, cannot complain that an instruction that, if the plaintiff disobeyed instructions and climbed a pole, he was negligent was a charge on the weight of the evidence, as any error is in its favor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

6. TRIAL (§ 256*)—INSTRUCTIONS—REQUESTS—NECESSITY.

In an action for injuries to a telephone lineman, an instruction that, if defendant warned plaintiff not to climb poles, but to use a ladder, and plaintiff disregarded such warning and did climb a pole, he was guilty of contributory negligence was correct as far as it went; and if defendant desired a charge that plaintiff's act in climbing the pole, in violation of orders, would bar a recovery it should have requested a more specific charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

Appeal from District Court, Taylor County; T. L. Blanton, Judge.

Action by W. M. Robinson against the Abilene Light & Water Company. From a judgment for plaintiff, defendant appeals. Affirmed.

J. M. Wagstaff, of Abilene, for appellant. Cunningham & Sewell, of Abilene, for appellee.

DUNKLIN, J. This is the second appeal in this case; our decision on the former appeal appearing in 131 S. W. 301.

The present appeal is by defendant, the Abilene Light & Water Company, from a judgment in favor of plaintiff, W. M. Robinson, for $1,400, awarded by a jury as damages for personal injuries resulting from his fall from a telephone pole. Plaintiff was employed by defendant as a "lineman," and at the time of his injury was engaged in constructing a telephone line for the defendant to territory in which defendant had not theretofore operated. B. F. Rendall, another employé, was assisting plaintiff in the work of constructing the line at the time of the accident. The pole from which he fell had just been erected, and plaintiff climbed upon it to fasten to its top the telephone wire. While thus engaged, the pole broke, and plaintiff fell to the ground. The injuries for which he recovered damages were caused by this fall; and the negligence of defendant, which was made the basis of the recovery, consisted in furnishing a pole which was unsound, and therefore unsafe to be used by plaintiff in constructing the new telephone line.

[1] Appellant insists that it was conclusively established by the evidence that plaintiff assumed the risk of injury in climbing the pole; that, at all events, he was guilty of negligence in climbing it; and that the poles were not such appliances as required inspection by defendant to discover defects before furnishing them to plaintiff to be erected. Unquestionably the evidence showed that the pole broke with plaintiff by reason

---

of a defect in it near the top; and, if it was defendant's duty to exercise ordinary care to furnish poles reasonably safe for such use, we think the evidence sufficient to sustain a finding that it failed to discharge that duty. Whether or not it was plaintiff's duty to select suitable poles was a controverted issue, the affirmative of which was supported, apparently, by a preponderance of the evidence. But, while plaintiff testified that he had full charge of the erection of that line, and would not have erected a defective pole if he had noticed its defects, yet he further testified, in effect, that it was not one of the duties of his employment to examine the poles for defects before erecting them. He further testified that the particular pole which broke with him was selected and sent out to him from town, under the direction of defendant's general manager. This evidence was sufficient to support a finding that it was the duty of defendant, rather than that of plaintiff, to select the poles to be erected; and the character of the defect in the pole which broke was such as to warrant a further finding that defendant was guilty of negligence in furnishing it in such defective condition.

[2, 3] If it was guilty of such negligence, and if, as plaintiff testified, he did not know of such defect before the pole broke, and if, as he testified, he received no instruction from defendant to ascend the poles by using a ladder, instead of climbing them, then he did not assume the risk of climbing it in a careful manner. M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508. Nor do we think that the evidence conclusively showed that he was guilty of negligence in failing to discover the defect in the pole before climbing it.

[4-6] One paragraph of the court's charge to the jury reads: "You are further charged that, if you believe from the evidence that plaintiff was warned by defendant not to climb the poles then being erected, but to use a ladder in the construction, and that plaintiff disregarded such warning, if any, and did climb the pole, if he did so, and should you further believe that in the climbing of such pole plaintiff was himself guilty of negligence, and that same proximately contributed to his injury, then in such case plaintiff could not recover, and you should find for the defendant." This instruction is criticised as being upon the weight of the evidence, and as embodying the proposition "that plaintiff had a right to disregard the orders of defendant, if he was not thereby guilty of negligence." We fail to see in what respect the charge was upon the weight of the evidence. Besides, the instruction was in defendant's favor and, at all events, not affirmatively erroneous to defendant's prejudice. If appellant desired an instruction that plaintiff's act in climbing the pole, in violation of defendant's orders communicated to him, would also bar a recovery, even though his act in climbing should not be held a negligent act, a request therefor should have been presented; and the failure of the charge, quoted above, to embody that further contention would be no reason for sustaining the assignment now under discussion. Yellow Pine Oil Co. v. Noble, 100 Tex. 358, 99 S. W. 1024; C., R. I. & G. Ry. Co. v. Johnson, 101 Tex. 431, 108 S. W. 967.

Appellant also complains of another paragraph in the court's charge, submitting the issue of plaintiff's contributory negligence in climbing the pole as a defense to his suit. This being a charge in defendant's favor and not affirmatively erroneous, the assignment is overruled for the same reasons given in discussing the last preceding assignment.

The judgment is affirmed.