ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. STONE–DE LANE et al.

(Court of Civil Appeals of Texas. Dallas.
May 10, 1913.)

1. CARRIERS (§ 321*) — PASSENGERS — ALIGHT-
ING AT WRONG STATION—INSTRUCTIONS.

Plaintiff, a female passenger, destined for
A., alighted at night at B., believing it to be her
destination. She testified that the conductor an-
nounced that the station was A., and claimed
that a mistake was made in calling the station,
and that this was the reason why she alighted.
This fact was contradicted by both the brakeman
and the conductor, who testified they called the
station correctly. *Held*, that defendant was en-
titled to the giving of a request to charge that
if the jury believed that the brakeman called
the station B., and not A., and plaintiff was
mistaken as to the call, and left the train under
the belief that she was getting off at A., and
she was not seen by the conductor to leave the
train, and the brakeman assisted her off not
knowing that she was destined to A., they should
find for defendant.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1247, 1326–1336, 1343; Dec. Dig.
§ 321.*]

2. TRIAL (§ 203*)—REQUEST TO CHARGE—AF-
FIRMATIVE PRESENTATION OF FACTS.

Defendant, on request, is entitled to have
the group of facts relied on in defense of plain-
tiff's action submitted to the jury, and the jury
told what to do in case they find such facts to
be true.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 477–479; Dec. Dig. § 203.*]

Appeal from District Court, Henderson
County; B. H. Gardner, Judge.

Action by M. C. Stone-De Lane and an-
other against the St. Louis Southwestern
Railway Company of Texas. Judgment for
plaintiffs, and defendant railroad company
appeals. Reversed and remanded.

E. B. Perkins and D. Upthegrove, both of
Dallas, R. S. Neblett, of Corsicana, and W.
R. Bishop, of Athens, for appellant.

TALBOT, J. The appellee Mrs. M. C.
Stone-De Lane, joined by her husband,
brought this suit against the appellant to re-
cover damages for personal injuries alleged
to have been sustained by her through the
negligence of appellant's servants and em-
ployés. The petition charges that on or
about the 25th day of October, 1911, the
plaintiff Mrs. Stone-De Lane took passage
on a passenger train at Birmingham, Ala.,
with a ticket to Athens, Tex.; that plaintiff
passed through Texarkana, and that when
she reached the station of Bassett, in Texas,
the officers of the train invited and caused
her to disembark from said train; that the
conductor or auditor or brakeman called said
station of Bassett "Athens," and the conduc-
tor helped her off the train, and informed
her that she had reached her destination;
that the place was Athens, Tex.; that by
reason of said carelessness and negligence
of the servants of defendant in causing her
to disembark and leave said train at said
point plaintiff was caused to remain in the

town of Bassett for more than 24 hours;
that she was invited and requested to leave
said train in the nighttime; that there were
no hotels in said town; that she was com-
pelled and did remain in the depot the re-
mainder of the night; that the night was cold
and there was no fire in said depot; that
she suffered from cold in said depot, was
worried and annoyed, make sick, suffered
from headache, backache, and nervous pros-
tration. The defendant answered by general
denial, and also alleged that plaintiff M. C.
Stone-De Lane was guilty of contributory
negligence in leaving the train at the town of
Bassett, and in not ascertaining that she
had not reached her station, and in not go-
ing to a boarding house or hotel, but remain-
ing in the depot during the night. The case
was tried before the court and a jury, and
the trial resulted in a verdict and judgment
for plaintiffs for $175. From this judgment
the defendant appealed.

The first assignment of error complains
of the court's refusal to give the following
requested instruction: "If you believe from
the evidence that the brakeman on the train
at the station of Bassett, or between the
water tank and the station, called the sta-
tion Bassett and not Athens, and the plain-
tiff was mistaken as to the call of the sta-
tion, and left the train under the belief she
was getting off at Athens, and you further
believe from the evidence she was not seen
by the conductor to leave the train, and that
the brakeman assisted her off the train not
knowing she was destined for Athens, then
you will find for the defendant." The issue
sought to be submitted by this charge was
clearly raised by the evidence, and the charge
should have been given. Appellant's brake-
man testified: "A brakeman's duty is for
the protection of the train and to assist
the conductor with the passengers, help as-
sist the passengers off and on the train,
and he calls the stations when the train is
approaching the stations. On the night in
question, the 26th of October, 1911, when
we got to the town of Bassett, I did not call
the station 'Athens.' I called that station
'Bassett.' I did not know there was a lady
on the train destined to get off at Athens.
I did not invite or direct a lady at Bassett
to get off, telling her it was Athens. I just
called the station, and that was all I done.
I called the station 'Bassett.'" B. J. Cobb,
a passenger on the train, testified: "I was
on the train that passed through Bassett
that night. I got on at Texarkana. I bought
a ticket for Bassett. The station of Bas-
sett was called that night. I was laying
there, and suppose I had been asleep and
woke up when it stopped at the tank, and
when it moved off from the tank the con-
ductor or brakeman or some of them hol-
loaed out, 'Bassett!' 'Bassett!' and I got up
and walked out of the car. I was in the

chair car. The train stopped at the station, and there is where I got off at the station. The station was called after the train stopped at the water tank. They take water there. I suppose the tank is a train length or a little over a train length from the depot. I know that station was called out, 'Bassett.'" The conductor testified that he did not know the lady had got off the train till he got to Mt. Pleasant, where the operator advised him that the lady had got off at Bassett. He says: "That was the first time that I knew she had gotten off the train at Bassett, and I left instructions to make arrangements for the conductor to bring her on the next morning to Athens. I did not tell the lady to get off at Bassett. I did not call out the station of Athens when we got to Bassett. I had seen the lady on the train that night before reaching Bassett. She asked what time we would get to Athens and I told her about 5:30. That was after we left Texarkana. Between Texarkana and Bassett." The plaintiff Mrs. Stone-De Lane, having testified on direct examination that when the train arrived at Bassett the station was called Athens, in rebuttal, said: "It was the conductor that made the announcement that that was Athens; he was the only one that I remember noticing in the train. I do not remember seeing any other man in the train. I do not remember seeing Mr. Bledsoe, the man that says that he is brakeman on the train that night." Thus it appears that the contention of the plaintiffs was that the conductor in charge of the train in question called the station and called it "Athens," and not "Bassett," and that it was the theory and claim of the defendant that the brakeman called the station and called it "Bassett," and not "Athens"; that the plaintiff Mrs. Stone-De Lane was mistaken in the call and got off the train; that the conductor did not see her leave the train, and the brakeman did not know her destination, and so assisted her to alight at Bassett. Of these contentions that of the plaintiffs was clearly presented for the consideration of the jury, but that of the defendant was not. Having failed to submit defendant's theory of the case in the main charge and there being evidence tending to support such theory, that is, evidence to the effect that the brakeman announced the station correctly, and that Mrs. Stone-De Lane may have been mistaken as to the name called and left the train, thinking it was Athens, that the conductor did not see her get off the train and that the brakeman aided her to alight therefrom not knowing her destination was Athens, it was reversible error for the court to refuse the requested charge submitting the issue.

[2] It is well settled that the defendant, especially when a request is made therefor, is entitled to have the group of facts relied on in defense of the plaintiff's action sub-mitted to the jury and the jury told what to do in case they find such facts to be true. "Such a charge directs the minds of the jury to the very facts in issue, and invokes their judgment upon the evidence relative to that issue." Railway Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; Railway Co. v. Ayres, 83 Tex. 269, 18 S. W. 684; Railway Co. v. McGlamory, 89 Tex. 639, 35 S. W. 1058; Railway Co. v. Hall, 98 Tex. 480, 85 S. W. 786; Id., 92 S. W. 1079. Of such was the nature of the special charge under consideration and the court erred in refusing it.

There are other assignments of error, but they need not be stated and discussed. They either point out no reversible error or the matters complained of were covered by special charges given at defendant's request. The allegations of the petition when construed as a whole were sufficient to authorize the submission of the issue as to whether the conductor, as the train was approaching the station Bassett, called out in the car in which Mrs. Stone-De Lane was traveling "Athens." In addition to the allegation that Mrs. Stone-De Lane was "invited and requested" to leave the train at Bassett, it is alleged that the "*conductor* (italics ours) or auditor or brakeman called said station 'Athens'"; that the "conductor helped the plaintiff M. C. Stone-De Lane off of the train of the defendant, and advised her that that was her destination, and that the place was Athens, Tex."

For the failure of the trial court to give the special charge made the basis of appellant's first assignment of error, the judgment is reversed, and the cause remanded for a new trial.