TEXAS CENT. R. CO. et al. v. CLAYBROOK et ux. (No. 8183.)†

(Court of Civil Appeals of Texas. Ft. Worth. May 15, 1915. Rehearing Denied June 26, 1915.)

1. CARRIERS ☞318—PERSONAL INJURIES—SUFFICIENCY OF EVIDENCE.

Evidence in an action against a carrier for personal injury from alleged negligence in carrying her beyond her destination without giving her time to alight, and in causing her to alight where the ground was uneven, so that the stool on which she stepped tilted and caused her to fall, *held* sufficient to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. ☞ 318.]

2. EVIDENCE ☞127, 477—HEARSAY—COMPLAINTS.

In an action against a carrier for personal injury, testimony of plaintiff's witnesses that when they called on plaintiff, pending the suit, and in the absence of any agent of the defendant, plaintiff "looked awful bad, that she was down in bed," and that plaintiff complained of her head, hip, and thigh, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 377–382, 2237–2241; Dec. Dig. ☞127, 477.]

3. TRIAL ☞85—OBJECTION—EVIDENCE ADMISSIBLE IN PART.

An objection to evidence as a whole, which was admissible in part, was properly overruled.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222, 223–225; Dec. Dig. ☞85.]

4. APPEAL AND ERROR ☞1052—HARMLESS ERROR—ADMISSION OF EVIDENCE.

An objection to plaintiff's testimony, in an action against a carrier for personal injury, as to the cause of certain pains which she claimed to have suffered thereafter, on the ground that she had not qualified as an expert or otherwise, was without merit, where her testimony to the same facts was admitted at another point without objection by appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. ☞ 1052.]

5. APPEAL AND ERROR ☞1033—ERROR IN FAVOR OF APPELLANT.

Error in an instruction could not be reversible, where it was favorable to the appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ☞ 1033.]

6. APPEAL AND ERROR ☞216—QUESTIONS RAISED—REQUEST FOR INSTRUCTION.

Where an instruction did not cover all the issues, the appellant could not complain thereof, in the absence of a request for a further instruction.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ☞216; Trial, Cent. Dig. § 627.]

7. TRIAL ☞260—INSTRUCTIONS—REQUESTS.

In an action against a carrier for personal injury, alleging negligence in carrying her past her station and in stopping at uneven ground, so that a stool placed for her to step on tipped and caused her to fall, where the defendant's evidence showed that plaintiff's trip had been short and made to visit a relative, that she sustained no fatigue or worry by reason of the trip, although she was crying when the train reached her station, in view of the instruction that plaintiff could not recover for injuries not caused by defendant's negligence, the refusal of defendant's requested instruction that if plaintiff's health after the accident was worse, but that such decline was due to the strain or worry of the visit and her journey back, and not to defendant's negligence, she could not recover, was not reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by Joseph E. Claybrook and wife against the Texas Central Railroad Company and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

C. C. Huff, of Dallas, W. E. Speel, of Waco, and H. J. Cureton, of Meridian, for appellants. S. C. Padelford, of Cleburne, and James M. Robertson, of Meridian, for appellees.

DUNKLIN, J. This suit was instituted by Joseph E. Claybrook and wife, Mrs. Mattie Claybrook, against the Texas Central Railroad Company and the Missouri, Kansas & Texas Railway Company, to recover damages for injuries alleged to have been sustained by Mrs. Mattie Claybrook while alighting from a passenger train at the town of Fowler, Tex., and, from a judgment in favor of the plaintiff against both railway companies, the defendants have appealed.

The evidence shows that, upon the occasion in controversy, Mrs. Claybrook boarded a passenger train at the town of Walnut Springs for a trip to Fowler; that upon reaching the latter station the train did not stop for a sufficient length of time to enable her to alight therefrom, the conductor having overlooked the fact that that was her destination, but, upon discovering the oversight, the train was brought to a stop about 100 yards from the station of Fowler, and at that place Mrs. Claybrook alighted from the train. According to evidence introduced by plaintiffs, the ground upon which a stool was placed for her to step upon was uneven, and by reason of that fact the stool tilted and caused her to fall when she stepped upon it, and as a result of such fall she sustained personal injuries. According to other testimony, the employés of the railway company, who undertook to assist her to alight, failed to render proper assistance after inviting her to alight.

The basis of the claim for damages was a charge of negligence on the part of the defendants in carrying Mrs. Claybrook beyond her destination without giving her sufficient time to alight therefrom at that place, in causing her to alight at a place where the ground was uneven, which condition of the ground caused the stool upon which she stepped to turn, and in failing to render her proper assistance while alighting.

The evidence shows without conflict that, prior to the occasion in controversy, Mrs. Claybrook had been in ill health, had been a

sufferer from epilepsy, neurasthenia, and catarrh of the stomach, and that three surgical operations had been performed upon her for certain female troubles.

[1] Complaint is made of the action of the court in refusing to give to the jury a requested peremptory instruction to return a verdict in favor of the defendants. Appellants further insist that the verdict of the jury was contrary to the evidence. In support of the assignments presenting those two contentions, it is insisted that the evidence conclusively showed that, prior to the injury, Mrs. Claybrook was an invalid and physical wreck; that one of her family physicians, who had been treating her, had pronounced her a confirmed and incurable invalid; that Dr. Scott, who had also been one of her attendant physicians, and who had performed an operation, examined her again more than eight months after the accident and found that the organ of her body for which he had performed an operation before the alleged accident was then in a normal condition; that after the accident there had been no increase of her troubles other than those that came as a natural consequence of her prior ills; and that the only injuries shown by any testimony consisted of slight bruises about her ankles, sustained while alighting from the train, which were of little or no consequence at best.

We deem it unnecessary to discuss the evidence in detail, for, after a careful examination and consideration of the testimony shown in the statement of facts, we have reached the conclusion that, while the testimony tended strongly to support the contentions noted above, we have found controverting testimony sufficient to sustain the verdict upon the issue of liability, and therefore overrule the two assignments now under discussion.

[2, 3] The alleged accident occurred during the month of January.

Mrs. Mary Newsome, a witness for the plaintiff, testified as follows:

"After she was hurt in January I did not see her until in July, and she was mighty bad then, and was down in bed, and seemed to be suffering pretty bad. She told me all about how bad she felt, and she looked awful bad."

Mrs. Oldham, another witness for the plaintiff, and a sister of Mrs. Claybrook, testified as follows:

"I never saw my sister after she was hurt at Fowler until in August following. She was in bed and suffering with as much pain as any one could be suffering with and live. She complained of her head, hip, thigh, back, and was hurting all over. She certainly was suffering, and said so at the time."

To the testimony of both of those witnesses, appellants objected at the time of its introduction on the ground that the same was hearsay, self-serving, and purported to detail complaints by Mrs. Claybrook during the pendency of the present suit and in the absence of any agent of the defendants. The testimony quoted of each of said witnesses was objected to as a whole. The testimony of Mrs. Newsome that Mrs. Claybrook "looked awful bad, that she was down in bed," and the testimony of Mrs. Oldham that Mrs. Claybrook complained of her head, hip, and thigh, clearly was admissible; and, even though it should be held that other portions of the testimony of the two witnesses was subject to the objections urged, that would not furnish any ground for sustaining the assignments addressed to the action of the court in overruling the objections. Jamieson v. Dooley. 98 Tex. 206, 82 S. W. 780; G., H. & S. A. Ry. Co. v. Gormley, 91 Tex. 393, 43 S. W. 877, 66 Am. St. Rep. 894.

[4] By another assignment complaint is made of the admission of certain testimony of Mrs. Claybrook herself, consisting of an opinion given by her as to the cause of certain pains which she claims she suffered after the alleged accident. Appellants' objection to that testimony was that the witness had not qualified as an expert or otherwise to give such an opinion. This assignment is overruled for the reason that we find, in the statement of facts, testimony to the same effect by the same witness which was admitted without any objection on the part of the appellants, so far as shown by this record. Wallis v. Schneider, 79 Tex. 479, 15 S. W. 492; F. W. & D. C. Ry. Co. v. Harlan (Civ. App.) 62 S. W. 971; I. & G. N. Ry. Co. v. Quinones (Civ. App.) 81 S. W. 757.

[5, 6] Error is assigned to the following instruction contained in the court's charge:

"If you believe from the evidence that the defendants' employés in charge of said train exercised that high degree of care for the personal safety of the plaintiff Mrs. Claybrook in alighting from said train which a very cautious and prudent person would have exercised under the same circumstances, then you will find that they were not guilty of negligence, and your verdict should be for the defendants."

The criticism addressed to this instruction is that it excludes the issue as to whether or not plaintiff was injured as a result of alighting from the train, upon which issue the testimony was sharply conflicting. The instruction was in favor of the defendants, and it could not be reversible error for that reason. If it did not cover all the issues, then appellants would be in no position to complain, in the absence of a request for a further instruction. Yellow Pine Oil Co. v. Noble, 100 Tex. 358, 99 S. W. 1024; C., R. I. & G. Ry. Co. v. Johnson, 101 Tex. 431, 108 S. W. 964; Abilene L. & W. Co. v. Robinson (Civ. App.) 146 S. W. 1052.

[7] Appellants requested an instruction to the jury, in effect, that if they should find that the condition of Mrs. Claybrook's health after the accident was worse than it was before, but that such decline was due to the strain, or worry, if any, of the journey, first to Iredell and Walnut Springs, and then back to Fowler, and not due to any negligence on the part of the employés of the defendants, then a verdict should be returned in favor of the defendants, regardless of any issue of

negligence on the part of Mrs. Claybrook. The refusal of that instruction is assigned as error; that contention being predicated upon the well-established rule announced in M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, and St. L. S. W. Ry. Co. v. Stone-De Lane (Civ. App.) 156 S. W. 906, in effect, that in such cases as this the defendant has a right to an affirmative presentation of any fact or group of facts which would constitute a defense to the plaintiff's suit, if there is evidence tending to establish such fact or group of facts. The evidence shows that the trip referred to in the instruction was short; that it was made for the purpose of a visit to a relative, upon the conclusion of which she returned to the station of Fowler. No witness testified to any fatigue suffered by Mrs. Claybrook by reason of the trip; on the contrary, the testimony of Mrs. Claybrook and of others who related circumstances of other visits tended to rebut any assumption that she sustained any fatigue or worry by reason of the trip mentioned in the requested instruction. The testimony of some of the witnesses for defendants that Mrs. Claybrook was crying when her train reached Fowler we do not think reasonably tended to show that her tears were due to any fatigue or worry on account of the trip. Furthermore, the court expressly told the jury that in no event could plaintiff recover damages for any injuries, except those which were caused by the negligence of the defendants' employés.

Under the circumstances related, we are of the opinion that there was no reversible error in the refusal of the requested instruction last noted.

The judgment is affirmed.