CLEBURNE PEANUT & PRODUCTS CO. v.
MISSOURI, K. & T. RY. CO. OF TEXAS. *
(No. 8294.)

(Court of Civil Appeals of Texas. Ft. Worth.
Jan. 22, 1916. Rehearing Denied,
March 18, 1916.)

1. TRIAL ⊙═85—EVIDENCE—OBJECTIONS.
An assignment, complaining of the overruling of an objection to the evidence, presents nothing for review, where the evidence was in part admissible.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222–225; Dec. Dig. ⊙═85.]

2. CARRIERS ⊙═133—CARRIAGE OF GOODS—ACTIONS—EVIDENCE.
In an action for injuries to a shipment of peanuts, which plaintiff claimed was caused by want of ventilation, evidence that green peanuts, if confined before sufficiently dry, would necessarily be damaged is admissible.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 583–587, 606; Dec. Dig. ⊙═133.]

3. EVIDENCE ⊙═481(3)—OPINION—CARRIAGE OF GOODS—ACTIONS—EVIDENCE.
Where plaintiff claimed that a shipment of peanuts was injured because of delay in shipment and confinement in an unventilated car, testimony as to the time for transportation of such freight, not based on the operation of defendant's trains or the witness' personal knowledge is incompetent.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2251, 2254; Dec. Dig. ⊙═481(3).]

4. EVIDENCE ⊙═542—OPINION—CARRIAGE OF GOODS—ACTIONS—EVIDENCE.
In an action for injuries to a shipment of peanuts, testimony that the peanuts, if in proper condition when shipped, would keep for a longer time than that of the shipment, given by experienced dealers, though not of the locality, is admissible.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2355; Dec. Dig. ⊙═542.]

5. APPEAL AND ERROR ⊙═728(1) — ASSIGNMENT OF ERROR—SUFFICIENCY.
An assignment of error to the exclusion of testimony too vague to show what testimony was excluded cannot be considered on appeal.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3010; Dec. Dig. ⊙═728(1).]

6. APPEAL AND ERROR ⊙═1058(2)—REVIEW—HARMLESS ERROR.
The exclusion of testimony already given by the witnesses is harmless.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4201; Dec. Dig. ⊙═1058(2).]

7. EVIDENCE ⊙═538 — OPINION EVIDENCE — ADMISSIBILITY.
In an action for injuries to a shipment of peanuts, which it was claimed were confined too long in an unventilated car, testimony that the shipment could be made in a given length of time, if diligently handled, is inadmissible as an expression of opinion.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2348; Dec. Dig. ⊙═538.]

8. CARRIERS ⊙═132—CARRIAGE OF GOODS—ACTIONS—BURDEN OF PROOF.
Where a shipper expressly alleged that the goods were in good condition when delivered to the carrier, it has the burden of proving that fact.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. ⊙═132.]

9. CARRIERS ⊙═137—CARRIAGE OF GOODS—ACTIONS—INSTRUCTIONS.
A charge in an action for injuries to a shipment of goods, that the burden of proof was on plaintiff to make out a case is not objectionable, on the theory that when a shipment is delivered in good condition, but arrives damaged, the burden is on the carrier to excuse the injury, the proof not showing without contradiction that the shipment was in good condition when received, and plaintiff having alleged that it was delivered in good condition, for if the burden on that issue had shifted, such contention should have been presented by an appropriate request.
[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 594, 595; Dec. Dig. ⊙═137.]

10. PLEADING ⊙═127(2)—ADMISSIONS—CARRIAGE OF GOODS.
Where a shipper of peanuts contended they were damaged because the car furnished could not be ventilated, allegations, in the answer that the shipper was negligent in loading green peanuts into an unventilated car, do not admit that the car was not suitable.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 267; Dec. Dig. ⊙═127(2).]

11. APPEAL AND ERROR ⊙═1033(5)—HARMLESS ERROR—INSTRUCTIONS.
In an action by a shipper for injuries to a shipment, the giving of numerous charges, declaring that under enumerated circumstances verdict should be for the shipper, but not declaring that a failure of proof would require verdict for the carrier, was not error to plaintiff's injury.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4056; Dec. Dig. ⊙═1033(5); Trial, Cent. Dig. § 587.]

12. TRIAL ⊙═260(1)—INSTRUCTIONS—REFUSAL.
The refusal of requests covered by the charges given is not error.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ⊙═260(1).]

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by the Cleburne Peanut & Products Company against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for defendant, plaintiff appeals. Affirmed.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

S. C. Padelford, of Cleburne, for appellant. J. M. Chambers, of Dallas, and Brown & Lockett, of Cleburne, for appellee.

DUNKLIN, J. On November 6, 1913, the Cleburne Peanut & Products Company delivered to the Missouri, Kansas & Texas Railway Company of Texas, at Cleburne, Tex., a carload of peanuts for shipment to St. Jo, Mo. The shipment was made in a closed car, consigned to brokers, and reached its destination November 12th, and was tendered to the consignee on November 13th. Prior to the shipment, dealers in St. Jo had contracted to buy the peanuts at certain fixed prices, but, after inspecting them, refused to accept them, claiming as a reason for such refusal that the peanuts were not in a salable condition. Plaintiff then reshipped the peanuts to Kansas City, where they were sold at prices lower than those for which the owner bargained to sell them in St. Jo. The Cleburne Peanut & Products Company instituted this suit for damages alleged to be the difference between the price realized for the peanuts when sold and the price for which they had contracted to sell them at destination. Briefly stated, the grounds of negligence alleged in plaintiff's petition as the proximate cause of the damages claimed were that the car in which the shipment was made was not a proper car for that purpose, in that, being a closed car, the peanuts were not properly ventilated, and thereby became damp and in a moldy condition; that such car was saturated with coal oil, which was absorbed by the peanuts, and that the shipment was unreasonably delayed in reaching its destination. It was further alleged in plaintiff's petition that the peanuts were in good condition when they were delivered to the railway company in Cleburne, and that by reason of the character of shipment it was the duty of the defendant to handle the same as a preferred or "red ball" freight, to the end that it be more speedily transported than ordinary freight. A trial of the case before a jury resulted in a verdict and judgment in favor of the defendant, from which plaintiff has appealed.

Appellant's brief contains 95 pages, presenting 44 assignments of error, and is supplemented by an argument 74 pages in length, while appellee's brief shows 70 pages. Many objections are urged to the consideration of appellant's assignments, on the ground that they are violative of the rules prescribed for briefing, several of which, at least, appear to be valid objections. However, as we have examined the assignments and have decided to overrule them on their merits, we shall not undertake to discuss those objections, a discussion of which would necessarily be quite voluminous.

[1, 2] The peanuts in controversy were of the crop of 1913, and one of the defenses urged by the railway company was that they were green, wet, and immature when shipped, and any damages sustained during the shipment were due to that condition, and not due to any negligence on the part of the carrier. It was proven by uncontroverted testimony that if green or wet peanuts are confined in bulk without ventilation for any substantial length of time, they will necessarily heat and mold, and also that if the ground and weather are wet when the peanuts are gathered, it is necessary to dry them before shipment. According to the testimony of plaintiff's witnesses, these peanuts were purchased from farmers in the fall of 1913, and were in proper condition for shipment when they were loaded into the car. Complaint is made of the introduction of the testimony of several witnesses that they made sales of peanuts to the plaintiff, in the fall of 1913, which were not in good condition for shipment, and of the testimony of other witnesses that certain crops of peanuts, growing in the same vicinity from which plaintiff purchased the shipment in question, were affected by the rains which prevailed during that season, and that if peanuts were confined in bulk while green and before they were sufficiently dried, they will necessarily become damaged thereby. The assignment is presented to the admission of the testimony of all of the witnesses last referred to as a whole. A part of the testimony was clearly admissible, and this would be a sufficient answer to the assignment, even though a part was subject to the objections urged; the principal objection being that the witness did not profess to know anything of the particular peanuts in controversy.

[3] The shipment was by "red ball," or preferred freight. Plaintiff offered the testimony of C. T. Jackson, to the effect that a preferred, or red ball, shipment of peanuts could be transported from Cleburne to St. Jo in three days. The objection sustained to that testimony was that the witness had not shown sufficient knowledge to qualify him to give such an opinion. The witness testified that he had shipped peanuts from Cleburne to St. Jo and other points for two years, that he had gone with one shipment of cattle, but did not testify that he had gone with any shipment of peanuts made by him, although he knew the time consumed by the shipments from reports made to him by consignees. Nor did he claim that any of the shipments made by him was over the defendant's line of railway; nor that the conditions under which such shipments were made were similar to the conditions of the shipment in controversy. Furthermore, while not presented by the objection, the proper inquiry would have been the usual and customary time consumed by such shipments. Under such circumstances, we are unable to say that the court erred in excluding the testimony.

Testimony of a like character from the witness Jackson was excluded on a similar ob-

jection, the only qualification given by that witness being that he had had a wide experience in shipping peanuts, and we overrule the assignment to that ruling for the same reason.

[4] Nor was there error in admitting the testimony of the witness named in the fourth and fifth assignments, in effect that, if peanuts are in proper condition when sacked and shipped, they will keep uninjured for a much longer period of time than that consumed by the shipment in controversy. The witnesses were experienced dealers in peanuts, and the fact that they had never handled peanuts until after they had been shipped north of the Mason & Dixon line might possibly bear upon the weight of such testimony, but would be no reason for rejecting it.

[5, 6] Appellant's bill of exception No. 7, to the exclusion of testimony, and upon which the sixth assignment is presented, is too confused and vague to show what the testimony was which was offered and excluded, and mentions only one witness, while in the assignment complaint is made of the exclusion of the testimony of three other witnesses also. Furthermore, it appears that the witness named had already testified substantially to the same facts which, according to this assignment, were excluded.

[7] Plaintiff offered in evidence an answer of a witness shown by deposition, in effect that a shipment of peanuts could be made from Cleburne to St. Jo in from three to five days "if diligently handled." There was no error in excluding the answer, since it was but an opinion of the witness on a mixed question of law and fact; furthermore, neither in the bill of exception, nor in the statement under the assignment, does it appear that the witness had sufficiently qualified to give such opinion; that being the specific objection urged to its introduction. H. & T. C. Ry. v. Roberts, 101 Tex. 418, 108 S. W. 808.

[8, 9] The court submitted plaintiff's cause of action substantially as alleged in the petition, coupled with the usual charge, in general terms, that the burden was on plaintiff to make out its case by a preponderance of the evidence. Appellant invokes the rule that when it is shown that property of this character is delivered to a carrier in good condition and is transported and delivered to the consignee in a damaged condition, the burden is upon the carrier to show that such damage was caused by the act of God or the public enemy, or by the inherent vice of the goods; and it is insisted that the charge violated that rule. The vice of the contention is in assuming as an uncontroverted fact that the peanuts were in good condition when delivered to the carrier at Cleburne, while that issue was sharply controverted by evidence introduced by the defendant. Plaintiff's entire case, as pleaded, was based on the alleged negligence of appellant, and it was expressly alleged that the peanuts were in good condition when delivered to the defendant for shipment. The general rule which places the burden on plaintiff to make out his case by a preponderance of the evidence was applicable. Boswell v. Pannell (Sup.) 180 S. W. 593. And if the burden of proof did shift under any view of the evidence, appellant cannot complain, in the absence of a request for a proper instruction to that effect.

[10] Another assignment is presented to the refusal of a requested instruction that, as the defendant, as well as plaintiff, had pleaded that an unventilated car was unsuitable for the shipment, then the burden was upon defendant to show that damages to the peanuts from heating and molding was due to their inherent nature. The pleading of defendant referred to merely presented the defense of contributory negligence on the part of plaintiff in loading the peanuts, which were green, and hence not in a proper condition for shipment, into a closed car without sufficient ventilation for peanuts in that condition. The effect of the requested instruction was to tell the jury that defendant had, by its pleadings, admitted that the car was unsuitable for the shipment, even though the peanuts were dry and in a proper condition for shipment, which, clearly would have been improper.

[11] Many other assignments of error are urged to the different paragraphs of the court's charge, in which the different theories upon which plaintiff would be entitled to a verdict were submitted. In none of these instructions were the jury told that a failure of proof of the affirmative of any one or more of those issues would entitle defendant to a verdict. In other words, all those instructions were favorable to plaintiff, and present no affirmative error to plaintiff's injury, even though it could be said that they did not present every theory upon which a verdict for plaintiff should be returned; and that fact, of itself, is a sufficient answer to all the assignments last referred to. Yellow Pine Lumber Co. v. Noble, 100 Tex. 358, 99 S. W. 1024; Abilene Light & Water Co. v. Robinson, 146 S. W. 1052, and authorities there cited.

[12] The record contains numerous other special instructions requested by plaintiff, and assignments are presented to the refusal of those also. After a careful consideration of all those instructions and the assignments based thereon, we think it sufficient to say that all material issues contained in such instructions were sufficiently and properly covered by the main charge, and that no reversible error is shown in the court's refusal to give them.

By other assignments it is insisted that the effect of instructions given in certain paragraphs of the court's charge was to exclude any right of recovery upon some of the issues of negligence relied on by plaintiff and supported by proof. We are of the opinion

that all the material issues of negligence relied on by plaintiff were presented in the court's charge, which, when read and considered as a whole, we do not think is subject to the criticism last mentioned.

We are of the opinion, further, that the verdict is not contrary to the law and evidence, as insisted by another assignment.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.