This suit was brought in the name of Hugh Johnson, a minor, by his father, W.L. Johnson, as next friend, who also sued in his own behalf, to recover damages for personal injuries sustained by Hugh Johnson on the 5th day of June, 1906, in crossing the railway track of appellant in the town of Dalhart, Texas. The trial resulted in a verdict for $18,000 in favor of Hugh Johnson, and $2,000 in favor of W.L. Johnson, but the court required one-half the recovery to be remitted, and entered judgment accordingly.
The ground of recovery alleged was the negligence of appellant in blocking the street with a train of freight cars, and in permitting the same to remain obstructed for a longer period than five minutes, in violation of an ordinance of the town of Dalhart, and in suddenly moving this train of cars without warning, by ringing the bell or blowing the whistle or otherwise, to Hugh Johnson, who attempted to cross between the cars. It was alleged that people had been in the habit of crossing between the cars under such circumstances; that appellant was aware of this fact; and that Hugh Johnson, observing this, and thinking it would be safe for him to pass between the cars, and also observing one of the servants of appellant, or a person he thought to be one of appellant's servants in charge of the train, who was standing near the track, make a motion with his hand inviting him to pass between the cars, and relying upon this motion as an invitation, and also upon the fact that others were or had been crossing between the cars with the knowledge of appellant, he too attempted to do so, when his foot was caught between the bumpers and mashed. It was further alleged as a ground of recovery that the employees in charge of the train after discovering the perilous position of Hugh Johnson negligently set the train in motion.
Contributory negligence was one of the defenses relied on, and consisted, as alleged, in the conduct of Hugh Johnson in attempting to cross between the cars when no person of ordinary prudence would have attempted such a thing, and also in his placing his foot between the bumpers.
Error is first assigned to the charge of the court submitting the defense of contributory negligence, in that it required the jury to *Page 424 
find that Hugh Johnson was negligent both in the attempt to cross between the cars and in the manner in which he stepped upon the coupling while in the act of crossing. This charge states that it is given "in lieu and as a substitute for special charges requested by the defendant," and the language of the part objected to is as follows: "If you believe from the evidence that the plaintiff, Hugh Johnson, attempted to cross between two cars on defendant's track, and that it was negligence on his part so to do, and if you believe that in attempting the crossing he was guilty of negligence in the manner in which he stepped upon said coupling and attempted to cross, and that said negligence, if any, contributed to his injury, the plaintiffs can not recover herein unless you find for the plaintiffs under paragraph 4 of this charge," which submitted the issue of discovered peril. In the special charge or charges referred to, the court was requested to submit these defenses disjunctively, but the requested charge most in point and least objectionable contained one or more features which rendered it inadmissible. The rule is well settled that the court, in dealing with a requested instruction, is not required to segregate the good from the bad, but may refuse it entirely where it is substantially incorrect. In this instance, however, the court did undertake to reproduce in his charge the admissible portion of the requested instruction, and it may be that this should be treated as an exception to the rule. But be this as it may, if appellant on account of the defects in its requested instruction is not in position to claim a reversal of the judgment, the court nevertheless, in order to fairly present the defenses to the jury, should have submitted them disjunctively, and not conjunctively as was done. See Kershner v. Latimer (Tex. Civ. App.), 64 S.W. Rep., 237, which seems to sustain the contention of appellant that the charge was erroneous and misleading, but in view of the disposition made of the appeal under other assignments, we do not find it necessary to determine this question.
In the third paragraph of the charge the conduct of appellant in obstructing the street with its cars in violation of the city ordinance was made unduly prominent, and error is assigned, not only to this feature of the charge, but also to the refusal of the third special instruction requested by appellant to the effect that its negligence in blocking the street would not warrant a recovery, and these assignments we think must be sustained.
Hugh Johnson, who was an adult of more than 17 years at the time of the accident, made it quite clear in his testimony that he undertook to pass between the cars because of an invitation of a man who seemed to him to be engaged in directing the movements of the train, the invitation as he construed it being given by the motion of the hand, and that he would not have undertaken to pass between the cars but for this fact. He was traveling along the street, and, finding it obstructed, turned aside to a path that led across the railway track, and waited there some 10 or 15 minutes or longer without attempting to cross, and, as he admitted, without intending to cross, although he had noticed others crossing *Page 425 
between the cars, until the train was moved out of the way, when he observed the man motion to him, as he supposed, to cross over, on the faith of which alone he undertook to cross. That the blocking of the street under such circumstances, though an act of negligence and a criminal act at that, could not have been the proximate cause of the injury, but was only the occasion or a remote cause thereof, seems clear enough. The following authorities cited by appellant illustrate and sustain this conclusion, to wit: De La Pena v. International G.N.R. Co., 32 Texas Civ. App. 241[32 Tex. Civ. App. 241], and Texas 
Pacific Ry. Co. v. Kelly (Texas Civ. App.), 78 S.W. 372. Other cases more or less in point might be cited, as, for instance, cases holding that the failure of train operatives to give the statutory signals is not the proximate cause of injury to one who is aware of the approach of the train in time to avoid the collision. There are cases holding that the obstruction of a street by a railway train may properly be treated as a proximate cause of an injury to one who attempts to use the street by crossing between the cars; but these are cases in which the person injured was a child, as contradistinguished from an adult. In the case before us, which is that of an adult, the proximate cause of the injury was the negligence of appellant's servants in suddenly putting the train in motion after inviting Hugh Johnson to pass between the cars, or after acting in such manner as that a person situated as he was might reasonably conclude that he had been so invited, that is, if the evidence warranted such finding of negligence.
Because the court gave undue prominence to a criminal act of negligence, which was clearly not the proximate cause of the injury, and refused the special instruction on this point as indicated above, the judgment is reversed, and the cause remanded for a new trial.