CHICAGO, R. I. & G. RY. CO. v. COMSTOCK. (No. 8444.)*

(Court of Civil Appeals of Texas. Ft. Worth. July 1, 1916. Rehearing Denied Oct. 14, 1916.)

1. EVIDENCE ⊖⇒155(1)—ADMISSIBILITY—MATERIALITY.

The carrier, having introduced testimony that its train customarily stopped for several minutes at the stop at which plaintiff was injured, could not complain of admission of plaintiff's rebuttal that it customarily stopped for so short a time as to require passengers to be on the platform ready to alight before actual stop.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 445, 446, 457, 458; Dec. Dig. ⊖⇒ 155(1).]

2. APPEAL AND ERROR ⊖⇒1033(5)—HARMLESS ERROR.

A carrier cannot complain of a charge favorable to it on the issue of the passenger's negligence in alighting from a moving train.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4056; Dec. Dig. ⊖⇒ 1033(5).]

3. APPEAL AND ERROR ⊖⇒231(9) — SCOPE — PRESERVATION OF EXCEPTIONS.

An objection that a charge was upon the weight of evidence was of no avail, where it was not pointed out in what respect it was on the weight of evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 688–692; Dec. Dig. ⊖⇒ 231(9); Pleading, Cent. Dig. § 1439; Trial, Cent. Dig. §§ 194–210, 223–227, 689, 690, 694, 696.]

4. CARRIERS ⊖⇒347(11)—INJURIES TO PASSENGERS — CONTRIBUTORY NEGLIGENCE —QUESTION FOR JURY.

It cannot be said as a matter of law that it was negligence for the passenger to alight from a moving train, where his testimony was that he was caused to alight by its sudden and unanticipated jerk, while he was on the platform ready to alight at a stop customarily so short as to require passengers to be ready to alight before the stop was actually made.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1355, 1356, 1391–1393, 1402; Dec. Dig. ⊖⇒347(11).]

Appeal from District Court, Jack County; F. O. McKinsey, Judge.

Action by J. T. Comstock against the Chicago, Rock Island & Gulf Railway Company.

Judgment for plaintiff, and defendant appeals. Affirmed.

Lassiter, Harrison & Rowland, of Ft. Worth, and Stark & Stark, of Jacksboro, for appellant. J. D. McComb and J. P. Simpson, both of Jacksboro, for appellee.

DUNKLIN, J. J. T. Comstock instituted this suit against the Chicago, Rock Island & Gulf Railway Company for damages as the result of injuries sustained by him, caused by his fall to the ground while in the act of alighting from the train at the town of Hess. The negligence charged, substantially, was a sudden jerk of the train after the train stopped at the station, or else was running so slowly as to enable him to alight without injury in the absence of such a jerk, and by reason of such jerk plaintiff was caused to fall while in the act of alighting. From a judgment in favor of the plaintiff in the sum of $500, the railway company has appealed.

The evidence shows that there was no depot at the station of Hess, which, however, was a regular stop for a siding, and at which place a work crew was employed to whom supplies were delivered at that station. About one-half mile distant there was a stopping place for trains called Senate, which, upon the petition of the community, had been made the regular stopping place instead of Hess.

[1] By the first three assignments of error complaint is made of the introduction of testimony tending to show that defendant's passenger trains usually made a very short stop at Hess, a stop so short that it is necessary for passengers to be out on the platform and ready to alight before the stop was actually made. Defendant's objections to that testimony were, in effect, that the same was irrelevant, immaterial, and incompetent to prove that the train failed to make the proper stop on the occasion of the accident, as contended by the plaintiff. The trial judge approved the bills with explanation, in effect, that the testimony offered was in rebuttal of the testimony already introduced by the defendant that it was customary for its trains to stop at that station for several minutes every night in order to deliver mail and unload supplies for a work crew at that place. In view of that showing, it is clear that appellant is in no position to complain of the rulings now under discussion, even though it could be said that otherwise such rulings would be reversible error.

The first and third paragraphs of the trial judge's charge to the jury are as follows:

First paragraph. "If you believe from the evidence that on the occasion in question, the defendant's train on which plaintiff was riding, was approaching the station at Hess or Senate, and that one of defendant's employés in charge of said train called out said station and there indicated to plaintiff that the train was approaching same, and said train began to slow

down, and that plaintiff left the coach in which he was riding and went on the steps thereof for the purpose of alighting therefrom, and if you believe that said train stopped or was running very slowly so that plaintiff could have alighted safely therefrom and was in the act of doing so or about to do so, and that said train was then suddenly started or jerked forward by defendant's employé or employés in charge of or operating same, and that thereby the plaintiff was thrown violently therefrom upon the ground and thereby received the injuries complained of, and that the sudden starting or jerking of said train was under the circumstance negligence on the part of defendant's employé or employés in charge of or operating same, and that such negligence was the proximate cause of plaintiff's injury, you will find for the plaintiff unless you find for the defendant under other instructions given you by the court."

Third paragraph. "On the other hand, if you find that the plaintiff on the occasion in question attempted to or did alight from the train on which he was riding before same reached the station and while the train was in motion, and that in alighting or attempting to alight from said train, under the circumstances, if he did so, the plaintiff was guilty of negligence, and that such negligence, if any, was the proximate cause of plaintiff's injuries complained of, or proximately contributed thereto, then and in such event the plaintiff cannot recover in this action, and if you so believe and find from the evidence, your verdict will be for the defendant."

Error has been assigned to both of those instructions, the complaint of the first paragraph being:

"Because the same is upon the weight of the evidence and the same does not correctly state the law of the case, and the court should have charged the jury that if plaintiff did alight from said train while the same was in motion and did not wait until said train stopped to alight therefrom, said plaintiff was guilty of contributory negligence and could not recover herein."

The assignment to the third paragraph of the charge was:

"Because the same is not the law in this case, and if said plaintiff attempted to or did alight from said train before the same reached the station and while said train was in motion, said act was negligence on the part of plaintiff, and he could not recover herein, and the said charge should so instruct the jury."

As a predicate for these assignments, the contention is made that the testimony of the plaintiff himself shows conclusively that he stepped off the train before it came to a stop, and it is insisted that by reason of that act he was, as a question of law, guilty of contributory negligence precluding any right of recovery, citing in support of that contention such decisions as T. & N. O. Ry. Co. v. Wallace, 139 S. W. 1052, and other decisions therein cited; Oxsher v. H. E. & W. T. Ry., 29 Tex. Civ. App. 420, 67 S. W. 550; Tex. Mid. Ry. v. Ellison, 39 Tex. Civ. App. 172, 87 S. W. 213. The following excerpts from plaintiff's testimony are cited by appellant:

"When we got up to those cars it was running very slowly, and so I thought it was good enough to get off on, and just as I stepped off, going down the steps, and just as I got to the last step, why it gave a long jerk and threw me off. The train started up with that sudden jerk. * * * The train was moving along slowly when I stepped down the first step, and it seemed like it was slowly moving when I stepped

down the second. I went out and started down the steps while the train was still moving because it seemed slow enough for me to get off. Q. Didn't you know you didn't have to get off unless it stopped for you? Didn't you know they had to stop for you? A. Well, I am a little kind of hard of hearing, and I can't understand the way you talk. I had ridden on cars before. I knew about whether or not they had to stop for me to let me off. Certainly I knew it was dangerous to get off a car when it was moving."

[2, 3] While that testimony tends to show that plaintiff stepped from the car before it came to a stop, yet other portions of his testimony, appearing in the statement of facts, were sufficient to support a finding that he was thrown from the lower step of the car by a sudden jerk of the train before he attempted to alight and while waiting for the train to stop, or to slow down to such a point as he thought it safe for him to alight. Even though it could be said that the authorities cited would warrant a peremptory instruction in favor of the defendant on the issue of contributory negligence of the plaintiff, if he alighted from the train while it was moving ever so slowly, yet in view of the testimony referred to the court could not have so charged the jury. Furthermore, the third paragraph of the charge was favorable to the defendant, and it is not pointed out in what respect the first paragraph is upon the weight of the evidence. Yellow Pine Oil Co. v. Noble, 100 Tex. 358, 99 S. W. 1024; C., R. I. & G. Ry. Co. v. Johnson, 101 Tex. 422, loc. cit. 431, 108 S. W. 964.

[4] Complaint is made of the refusal of a special instruction requested by the defendant, in effect, that if the jury should believe that plaintiff attempted to alight from the train while it was in motion and before it came to a stop, and that while so doing he was thrown to the ground and injured, then the jury should find that plaintiff was guilty of contributory negligence precluding a recovery. According to the testimony of the plaintiff, the sudden jerk of the train was the sole cause of his fall, and his version of the accident would warrant a finding that he had no reason to anticipate such a jerk at that time, even though it could be further said that he alighted from the train before it came to a stop. Especially in view of such circumstances, we do not believe it could be held that his act in alighting from the train while in motion, however slowly it was moving, was contributory negligence as a question of law; and we do not think the authorities cited by appellant in cases with facts so materially different from the facts of the present case, are in conflict with this conclusion.

By another assignment of error it is insisted that there was no evidence to show any negligence on the part of the defendant causing plaintiff's injury. The testimony already recited, to the effect that after the train slowed down and as it was almost to the point of stopping, it started up again with a sudden jerk, in connection with other

facts and circumstances in evidence, we think was sufficient evidence of negligence which was the proximate cause of plaintiff's injury and sufficient to support the finding of the jury upon those issues, notwithstanding the testimony of other witnesses introduced by the defendant, to the effect that the train came to a full stop on the night of the accident, and that there was no such sudden jerk as testified to by the plaintiff.

What we have said already is a sufficient answer to the further contention that the evidence shows conclusively that plaintiff alighted from the train before it came to a stop, and therefore was guilty of contributory negligence as a question of law, and that the verdict of the jury to the contrary is unsupported by the evidence.

For the reasons noted, all assignments of error are overruled, and the judgment is affirmed.