## HART BROS. & HAMM v. ANGUS.
### (No. 9382.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 6, 1920.)

Appeal and error ⊂⇒231(9)—Plaintiffs cannot complain of error in charge not specified to trial court.

Where only objection made by plaintiffs to instruction in action for pasturage of sheep under agreement for division of profits was that it took from consideration of jury and decided issues that were raised, and assumed that facts were proved that were not proved, plaintiffs on appeal could not raise objection that instruction was on the weight of the evidence, in that it assumed that a profit had been made on the sheep pastured, since particular vice in instruction was not pointed out in trial court, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, and that a requested instruction offered by plaintiffs would have cured the vice would not aid them.

Appeal from District Court, Denton County; C. R. Pearman, Judge.

Suit by Hart Bros. & Hamm against Tom Angus. From a judgment for defendant, plaintiffs appeal. Affirmed.

Owsley & Owsley, of Denton, for appellants.

Rasbury, Adams, Stennis & Harrell, of Dallas, and Sullivan, Speer & Minor, of Denton, for appellee.

DUNKLIN, J. Hart Bros. & Hamm placed a flock of sheep upon a farm owned by Tom Angus for pasturage under an agreement between the parties with respect to the division of the profits to be realized out of the sheep when they should be sold, and also with respect to the amount of the expense for pasturage and care of the sheep to be borne by each of the parties. After the pasturage of the sheep for a considerable length of time, but prior to the expiration of the period which the parties agreed they should be pastured, Hart Bros. & Hamm instituted this suit against Angus to recover possession of the sheep and at the same time sued out a writ of sequestration, which was levied upon the sheep. Later the sheep were sequestered by the plaintiffs and sold. During the time they were kept in the pasture they were sheared by the defendant, and the proceeds from the sale of the wool were appropriated by him. In his pleadings, the

defendant admitted that plaintiffs were entitled to two-thirds of said proceeds, which two-thirds amounted to the sum of $1,444.75, and offered to give plaintiffs credit therefor in an accounting between the parties.

The contract between the plaintiffs and the defendant was not in writing, and there was an issue between them with respect to its terms. In addition to a suit for the possession of the sheep plaintiffs also asserted a demand for money which they alleged the defendant was due them under the contract, and also for special damages sustained by plaintiffs by reason of an alleged breach of contract by the defendant. The defendant not only controverted the plaintiffs' suit on those issues, but also by cross-action sought a judgment against the plaintiffs for an amount which he claimed to be due him for pasturage, feed, and expense incurred in caring for the sheep.

The defendant also undertook to pasture for plaintiffs certain cattle, and plaintiffs also sought damages growing out of the breach of contract in that respect, which demand was likewise resisted by the defendant in his pleadings. The issues pertaining to the pasturage of the cattle were submitted to the jury and disposed of in the verdict and judgment. Appellants have presented no assignments of error based on any of those issues, which accordingly will not be further noticed, all assignments of error presented being predicated upon the issues mentioned with respect to the pasturage of the sheep. The case was presented to the jury on a general charge, presenting all the issues, and a general verdict was returned in favor of the defendant for the sum of $4,369.02, from which the plaintiffs have prosecuted this appeal.

In the fifth paragraph of the court's charge to the jury, the contentions of both parties with respect to what was the contract between them for the pasturage of the sheep were presented, and that paragraph reads as follows:

"If you find and believe from the testimony before you that plaintiffs and defendant entered into a contract under the terms of which plaintiffs were to place upon the premises of defendant certain sheep, and that said sheep were to be pastured upon defendant's premises and fed by him, and cared for and looked after by the defendant and plaintiffs jointly, and that when said sheep were sold plaintiffs should be repaid their original purchase money, and plaintiffs were to bear two-thirds of the expense of caring for said sheep, and that the defendant was to bear one-third of said expense, and that the profit received upon the sale of said sheep, if any, after deducting and adjusting said item of expense of caring for them, would be divided two-thirds thereof to plaintiff and one-third thereof to the defendant, then you are instructed that defendant is entitled to recover upon the item pertaining to said sheep account for a sum equal to two-thirds of the value of the pasturage, feed furnished and the necessary and reasonable expense for the care of said sheep from said January 1, 1919, to the date on which said sheep were taken away, less, however, a credit for two-thirds of the value of the wool sold by the defendant, which he admits in his pleadings to be $1,444.75.

"If, however, you should find that the agreement entered into between plaintiffs and defendant as to the sheep was to the effect that defendant should properly care for, manage, and control said sheep and keep them on said pasture, and in case it became necessary to give said sheep any feed in addition to said pasturage, he should do so, and the plaintiff would bear one half of the cost of said extra feed and the defendant the other half thereof, and that for the use of the said pasture for said sheep, and as compensation to the defendant for caring for and protecting said sheep, the said defendant should have one-third of the net profit arising from said sheep, if any, and the plaintiffs the other two-thirds of said net profits, if any, then your verdict should be as to this item that the defendant should recover of plaintiffs one-half of the cost of the feed given to said sheep."

Before the court gave his charge to the jury, plaintiffs presented the following objections and exceptions thereto:

"Be it remembered that on the trial of the above-entitled cause, after the evidence was closed, the court prepared his charge on the law and submitted the same to the attorneys for both the plaintiffs and defendant, and the plaintiffs then and there, before said charge was submitted to the jury, objected to the same on the ground that it submitted issues not raised by the pleadings and evidence, and took from the consideration of the jury and decided issues that were raised, and assumed that facts were proved that were not proved, and in that connection submitted the charge hereto attached and marked Exhibit A and made a part of this bill; but the court overruled all of said objections, and refused said requested charge, and instructed the jury as shown in the charge herein, to all of which action and ruling of the court the plaintiffs then and there in open court excepted, and they tender this bill of exceptions, to be approved and made a part of the record in this cause."

Plaintiffs' fourth assignment of error reads as follows:

"The court erred in the fifth paragraph of his charge to the jury, wherein the jury was instructed that the defendant was entitled to recover on said item a sum equal to two-thirds of the value of the pasturage and feed furnished and the necessary and reasonable expense of the care of said sheep from January 1, 1919, to the date said sheep were taken away, less $1,444.75 for two-thirds of the wool sold by the defendant, because there were no pleadings or evidence to authorize said charge, and it was upon the weight of the evidence and against the evidence, and assumed that a profit had been made on said sheep, and that defendant was entitled to one-third of the money received for wool."

The only contention presented in the proposition under this assignment is that the charge quoted was upon the weight of the evidence, in that it erroneously assumed that a profit had been made on the sheep, and that the defendant was entitled to one-third of the profits of the wool sold. Appellee insists that the objections so made to the court's charge were not sufficient to point out the particular error complained of in the assignment above quoted; in other words, that the objections urged were too general, and therefore were not sufficient, because they did not specify the particular vice which is now insisted on in the assignment of error presented in this court. Article 1971. V. S. Tex. Civ. Statutes, reads as follows:

"The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived; before the argument is begun, the judge shall read his charge, and all special charges given by him to the jury in the precise words in which they were written; he shall not charge or comment on the weight of evidence; he shall so frame the charge as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the facts, and shall submit all controverted questions of fact only to the decision of the jury."

Under that statute it was incumbent upon the plaintiffs to specify the particular vice in the charge which they now complain of, to the end that the trial court should be given an opportunity to correct the errors, if any were made, and, having failed to so point out the particular errors now insisted on, they are in no position to complain of them here. Eldridge v. Citizens Ry. Co., 169 S. W. 375; J. H. W. Steele Co. v. Dover, 170 S. W. 809; Pecos & N. T. Ry. Co. v. Grundy, 171 S. W. 318; Texarkana & Ft. Smith Ry. Co. v. Casey, 172 S. W. 729; Chicago, R. I. & G. Ry. Co. v. Comstock, 189 S. W. 109; Cleburne St. Ry. Co. v. Barnes, 168 S. W. 991. The requested instruction presented by plaintiffs, and which was refused, is a general charge substantially upon the whole case, and while perhaps it may be said that it was drawn in such a manner as to eliminate the vice, if any, complained of in the court's charge, we do not think the trial court was called upon to carefully and critically examine the whole of it, with a view to discovering the particular alleged vice in that particular portion of the instruction contained in paragraph 5 of the charge given to the jury.

Another assignment of error presented by appellants reads as follows:

"The court erred in the fourth paragraph of his charge, by instructing the jury that the defendant asked judgment for pasturage, feed, and expense incurred in the care and attention of certain sheep, in the sum of $4,126.92, because there was no pleading or evidence to authorize said charge, and the court thereby took from the jury the issue raised by the pleadings as to the sheep contract, and whether there was a profit on said sheep, and allowed the defendant one-third of the value of the wool, regardless of whether there was a profit."

What we have said in disposing of the foregoing assignment applies also to this one, which is accordingly overruled.

The sixth and seventh assignments of error are brief restatements of the two preceding assignments already discussed.

The eighth assignment of error reads as follows:

"The court erred in overruling the plaintiffs' motion for a new trial."

The two propositions submitted under that assignment are as follows:

(1) "The verdict of the jury is contrary to the evidence, in that it allowed the defendant one-third of the amount for which the wool was sold, when the verdict showed there was no profit in the sheep, and the defendant under the contract was only to have one-third of the net profits."

(2) "The verdict of the jury is contrary to the evidence, and against the great weight of the evidence, because the proof showed that appellants suffered a loss on both their cattle and sheep, by reason of defendant's violation of the contract, and the jury failed to find in appellants' favor for the damages they suffered."

Irrespective of the objection made by the appellee that the assignment is too general to merit discussion, we are of the opinion that the evidence is ample to support the verdict, and accordingly this assignment is overruled.

The judgment of the trial court is affirmed.