CHASE BAG CO. v. LONGORIA.

No. 1133.

Court of Civil Appeals of Texas. Waco.

Nov. 19, 1931.

Rehearing Denied Jan. 14, 1932.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellant.

J. W. Madden, Jr., of Dallas, for appellee.

GALLAGHER, C. J.

This appeal is prosecuted from a judgment of the county court at law awarding appellee, L. L. Longoria, damages for injury to an automobile owned and driven by him resulting from a collision between said automobile and one owned by appellant, Chase Bag Company, and driven by its agent and employee in discharge of the duties of his employment. The case was submitted on special issues. The jury in response thereto found that appellant's agent and employee operated appellant's car in a negligent manner, that such negligence was the proximate cause of the collision and the resulting damage to appellee's car, and that appellee was not negligent in the operation of his car, and assessed appellee's damage at the sum of $307.10. From the judgment in favor of appellee against appellant for said sum, this appeal is prosecuted.

## Opinion.

Appellant assigns as error the definition given by the court for the guidance of the jury of the term "preponderance of the evidence," and contends that such definition was a comment on the weight of the evidence. Appellee testified to the facts and circumstances attending the accident, and introduced the testimony of three other witnesses tending to corroborate his testimony. Appellant's agent and employee who was operating its automobile at the time testified to such facts and circumstances. His was the only testimony introduced by appellant with reference thereto. The court, in the original draft of his charge, defined the term "preponderance of the evidence" as meaning "the greater weight and degree of credible testimony." Appellant objected to such definition because it did not include as an element thereof a further instruction that such term had no reference to the number of witnesses. The court thereupon modified the definition so as to make the same read: "By the term 'preponderance of the evidence' as that term is hereinafter used, is meant the greater weight and degree of credible testimony before you, and does not necessarily mean the greater number of witnesses." Appellant, without withdrawing its said objection to the charge as originally prepared, objected to such definition on the ground that it was a comment on

the weight of the evidence. The court's modification of his definition of such term was in accordance with, and in direct response to, appellant's objection. While such definition as given was not as favorable to appellant as it demanded, it was nevertheless more favorable than it was entitled to. Having by such objection demanded that the court's definition of the term "preponderance of the evidence" be modified by including therein the effect to be given to the number of witnesses testifying in determining such issue, and having procured as a result of such demand a definition more favorable than it was entitled to, it was in no position to assail the same. Wichita Cotton Oil Co. v. Hanna, 107 Tex. 30, 34, 173 S. W. 644; Texas & P. Ry. Co. v. Williams (Tex. Civ. App.) 196 S. W. 230, 232, par. 3 (writ refused). Regardless of whether the giving of the charge complained of was invited by appellant, such charge being favorable to appellant, the giving of the same constitutes no ground for reversal. Merriman v. Fulton, 29 Tex. 98, 106; Mayer v. Duke, 72 Tex. 445, 453, 10 S. W. 565; Scarbrough v. Wheeler (Tex. Civ. App.) 172 S. W. 196, 198, par. 6 (writ refused); Chicago, R. I. & G. Ry. Co. v. Comstock (Tex. Civ. App.) 189 S. W. 109, 110, par. 2 (writ refused); McNabb v. Woolfolk (Tex. Civ. App.) 240 S. W. 1043, 1045, par. 6.

■ Appellant assigns as error the action of the court in overruling its objection to the manner in which the court submitted the issue of appellee's damage. The issue so submitted and the answer of the jury thereto were as follows: "What sum of money, if any, do you find and believe from a preponderance of the evidence was the reasonable cost of repairing the plaintiff's automobile on the 19th day of January, 1929, at Sam Fordyce, Texas, for the damage, if any, directly and proximately caused by the collision? Answer: 307.10."

Appellant's only objection to such issue was that it presented an improper measure of damages. The purpose of the statute (Rev. St. 1925, art. 2185) which requires the court to prepare his charge and submit the same to counsel for both parties for inspection and criticism is plain. Such purpose is that court and counsel should thus join in a frank and sincere effort to secure a proper submission of the case. Walker v. Haley, 110 Tex. 50, 51, 214 S. W. 295. To effect such purpose counsel's objections to the charge should be specific, constructive, and helpful. They should be in such form as to enable the court to readily understand their scope and meaning, and to enable him, if necessary, to modify his charge in the light thereof. As said by Mr. Justice Buck in Gulf, C. & S. F. Ry. Co. v. Hines (Tex. Civ. App.) 4 S.W.(2d) 641, 648, par. 6: "We do not believe that objections to charges should be couched in veiled terms so as to hide rather than express the real objection thereto." Appellant's objection to the court's charge on the measure of damages was too general to require consideration. Isbell v. Lennox, 116 Tex. 522, 295 S. W. 920, pars. 1 and 2; Texas Electric Ry. Co. v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 9 S.W.(2d) 185, 189, par. 10; Ineeda Laundry v. Newton (Tex. Civ. App.) 33 S.W.(2d) 208, par. 7; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662, 664, par. 4; Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 68, 78, par. 33; Farmers' & Mechanics' Nat. Bank v. Marshall (Tex. Civ. App.) 4 S.W.(2d) 165, 167, par. 7; Chisos Mining Co. v. Llanez (Tex. Civ. App.) 298 S. W. 642, par. 1; Texas & P. Ry. Co. v. Prunty (Tex. Civ. App.) 233 S. W. 625, 627, pars. 1 and 2; City of Abilene v. Reed (Tex. Civ. App.) 294 S. W. 913, par. 3; Missouri, K. & T. Ry. Co. v. O'Connor (Tex. Civ. App.) 298 S. W. 921, 923, pars. 2 and 3; Gaddis v. Junker (Tex. Civ. App.) 29 S.W.(2d) 911, 922, par. 13; El Paso Elec. Co. v. Collins (Tex. Com. App.) 25 S.W.(2d) 807, 808; City of Wichita Falls v. Whitney (Tex. Civ. App.) 26 S.W.(2d) 327, 330, par. 5; St. Paul Fire & Marine Ins. Co. v. Lipsitz (Tex. Civ. App.) 295 S. W. 343, 346, par. 3; McGraw v. Galveston, H. & S. A. Ry. Co. (Tex. Civ. App.) 182 S. W. 417, 418, par. 2; Heid Bros. v. Bray (Tex. Civ. App.) 7 S.W.(2d) 165, 167; Colvard v. Goodwin (Tex. Civ. App.) 24 S.W.(2d) 786, 793, par. 19; Pecos & N. T. Ry. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318, par. 1; El Paso & S. W. R. Co. v. Lovick (Tex. Civ. App.) 210 S. W. 283, 288, par. 8, affirmed 110 Tex. 244, 218 S. W. 489; Texarkana & Ft. S. Ry. Co. v. Casey (Tex. Civ. App.) 172 S. W. 729, 734, par. 7; Chicago, R. I. & G. Ry. Co. v. Comstock (Tex. Civ. App.) 189 S. W. 109, 110, par. 3 (writ refused); Petty v. City of San Antonio (Tex. Civ. App.) 181 S. W. 224, 229, par. 11; Dunn v. Land (Tex. Civ. App.) 193 S. W. 698, 703, par. 16; Fisheries Co. v. McCoy (Tex. Civ. App.) 202 S. W. 343, 345, par. 8; Schaff v. Lynn (Tex. Civ. App.) 238 S. W. 1034, 1035, par. 3.

■ Appellant presents several assignments in which it attacks the sufficiency of the evidence to support the verdict and judgment. The accident happened December 5, 1928, on a country road somewhere between Sam Fordyce, where appellee lived, and the city of Laredo. Appellee's car was badly wrecked, and was towed into a repair shop at McAllen, Tex., by wrecker service. The testimony does not show exactly how long the car had been run, but it does tend to show that it was comparatively new when wrecked. The damage thereto was so great as to create serious doubt about the advisability of trying to repair the same. Estimates of the cost were made, necessary parts ordered from the factory, and repairs completed January 19, 1929. Appellee paid therefor the sum of $307.10. The price charged was not only reasonable,

but was very much below the current price for the labor and material required. There is nothing in the whole testimony to indicate that the car was worth more after its repair than before the accident. On the contrary, the facts are sufficient to support a reasonable inference that it was of less value. The issue submitted by the court, as above recited, submitted as the measure of appellee's recovery the reasonable cost at Sam Fordyce, Tex., on January 19, 1929, of repairing the damage to his car directly and proximately caused by the collision. Appellant, having failed to present any sufficient objection thereto, is deemed to have acquiesced therein. The evidence considered as a whole is sufficient to support the answer of the jury thereto. While the repairs were made at McAllen and the value thereof was testified to by the mechanic making the same, appellee also testified to the value of such repairs in general terms and without limitation as to place. No objection was made to any of such testimony. We may reasonably infer that appellee would not have paid for having his car towed to McAllen by wrecker service if he could have had it properly repaired at less cost in his home town. While the proper and comprehensive measure of damage to personal property injured but not totally destroyed is the value thereof at the time and place immediately before and immediately after the injury, with legal interest, when the injured article is susceptible of restoration a different rule is sometimes applied. In such cases the reasonable cost of replacements and repairs is one of the elements of recovery, but not necessarily the only one. The value of the use of the injured article during the time reasonably necessary to effect such restoration may be recovered. If the injured article, after such repairs as are practical at reasonable expense, is worth less than it was before the injury, the difference in the value of the article before the accident and after such repairs are completed may also be recovered. Of course, if the value of the article as it existed before the injury is increased by such repairs, such enhanced value cannot be recovered. Chicago, R. I. & G. Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912, 915, pars. 1 and 2, and authorities there cited; Milby Auto Co. v. Kendrick (Tex. Civ. App.) 8 S.W.(2d) 743, 744, par. 1.

Appellant by its acquiescence in the issue as submitted merely waived the submission of further issues invoking findings with reference to whether the value of appellee's car after its repair was greater than its value before the accident, and, if so, the amount of such increase. As before stated, the testimony not only fails to show such increased value, but as a whole tends to show the contrary. All of appellant's complaints of the insufficiency of the testimony to support the verdict and judgment are overruled.

Appellant contends in this court for the first time that the trial court erred in rendering judgment in appellee's favor because the record contains no findings by the jury that it owned the car which collided with and injured appellee's car, and that the same was being operated at the time by its agent and employee in the discharge of the duties of his employment. Appellant presents the same as fundamental error. A similar situation was considered by this court in Kent v. National Supply Co., 36 S.W.(2d) 811, 816, pars. 17 to 21, inclusive (writ refused). We quote therefrom as follows:

"Appellant presents a group of propositions in which he contends that the court erred in entering judgment against him in favor of appellee in the absence of an affirmative finding by the jury that he converted its property, as alleged in its petition. He also contends in this connection that appellee waived any right to recover herein by not requesting the court to submit such issue. We have examined all of appellant's assignments of error and find that none of them raise the issue presented by said propositions. Appellant suggests incidentally in this connection that said propositions present fundamental error. We do not think so. The submission of an issue supported by uncontradicted testimony of such conclusive nature that reasonable minds cannot differ as to the effect thereof is neither necessary nor proper. Such an issue is one of law and should be determined by the court. Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S. W. 499, 503, par. 5, 44 A. L. R. 627; Hebert v. New Amsterdam Casualty Co. (Tex. Com. App.) 3 S.W.(2d) 425, 426, par. 3; Guerra v. Garcia (Tex. Civ. App.) 258 S. W. 531, 532, par. 2; Phœnix Furniture Co. v. Kay (Tex. Civ. App.) 10 S.W.(2d) 422, 425, par. 8; Peeler v. Smith (Tex. Civ. App.) 18 S.W.(2d) 938, 939, par. 3. Before we can determine that the testimony in this case failed to show without contradiction the conversion of appellee's property by appellant with such certainty that reasonable minds could not differ on the issue, and that a controverted issue of fact for the determination of the jury was therefore raised, we must search the entire statement of facts and weigh the testimony recited therein. An error that requires such consideration of the statement of facts does not come within the definition of fundamental error announced by our Supreme Court. Houston Oil Co. v. Kimball, 103 Tex. 94, 103, 104, 122 S. W. 533, 124 S. W. 85; Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903, par. 2; Blackmon v. Trail (Tex. Com. App.) 12 S.W.(2d) 967, 968, pars. 6 and 7; Egan v. Lockney Farmers' Co-operative Society (Tex. Com. App.) 284 S. W. 937, par. 1. The authority of a Court of Civil Appeals to reverse a judgment is limited to consideration of errors duly assigned, or apparent upon the face of the record and coming within the

**246**

definition of fundamental error as above limited. Such court has no right to consider other errors, however willing it may be to do so. W. T. Waggoner Estate v. Sigler Oil Co. (Tex. Com. App.) 284 S. W. 921, 926, par. 2; Blackmon v. Trail, supra, page 968, pars. 4 and 5 of 12 S.W.(2d)."

Under the rule announced in the foregoing excerpt, no fundamental error is shown in this case, and appellant's contentions are overruled.

The judgment of the trial court is affirmed.