### CARTER v. FERRIS et ux.

No. 4555.

Court of Civil Appeals of Texas. Amarillo.

Feb. 17, 1936.

Rehearing Denied May 4, 1936.

Hart, Patterson & Hart, of Austin, and Battaile & Burr, of Houston, for appellant.

Polk Shelton & Emmett Shelton and Everett L. Looney, all of Austin, for appellees.

HALL, Chief Justice.

On the night of December 10, 1934, George W. Ferris, a minor about sixteen years of age, was riding a bicycle at the intersection of Eleventh street and Congress avenue in Austin. An employee of G. A. Carter was operating a taxicab at the same time and place.' A collision occurred between the two vehicles, which resulted in the death of George W. Ferris shortly thereafter.

R. Q. Ferris and wife, Cora Ferris, the parents of George W. Ferris, brought this suit against G. A. Carter to recover damages in the sum of $17,869.80 for the death of their son, alleging that such death resulted from certain acts of negligence on the part of the employee of the defendant, G. A. Carter.

Defendant replied by general demurrer, general denial, and specially alleged certain acts of negligence on the part of the deceased which were alleged to have been the sole proximate cause of the collision, and if not the sole proximate cause of the collision, to have been proximate and contributing causes.

There was a trial to a jury, and, based upon the jury's answers to special issues submitted by the court, judgment was rendered in favor of plaintiffs for $4,300.

The defendant pleaded five separate acts of contributory negligence on the part of the deceased as constituting proximate causes of the collision. The substance of these negligent acts are stated as follows:

"(1) That at the time and place of the accident he was operating his bicycle in a reckless, careless and imprudent manner.

"(2) That while proceeding south through the Capitol grounds he failed to stop his bicycle at the stop sign where the Capitol driveway intersects Eleventh Street, and proceeded unlawfully on and into Eleventh Street from and out of the Capitol grounds at an excessive and dangerous speed, without first coming to a complete stop. Such failure to stop is alleged to have been in violation of an ordinance of the City of Austin then in force, which provided, among other things, that 'All vehicles proceeding along the following streets in the directions respectively

stated shall come to a full stop immediately before reaching the intersections hereinafter set forth. * *  * * While proceeding south through the Capitol grounds shall stop at the intersection of Eleventh Street * * *'; and providing for stop signs, one of which is alleged to have been at said intersection in accordance with the ordinance and for penalties, etc. A copy of the ordinance is made a part of the answer, and the same was duly placed in evidence.

"(3) That at the time and place of the accident he was operating his bicycle without keeping a proper lookout.

"(4) That at the time and place of the accident he was riding his bicycle in such manner, and at such rate of speed, to-wit: at a speed in excess of twenty miles per hour, as to be unable to control same and bring it to a stop within sufficient radius to have prevented the accident.

"(5) That he failed to have his bicycle at the time and place of the accident equipped with a lighting device at the front and back, properly lighted as required by the laws of the State of Texas, and City Ordinance of the City of Austin."

The first proposition urged is: "The evidence establishes as a matter of law, that is, to such certainty that reasonable minds may not differ, that the deceased was negligent and that such negligence was a proximate cause of the collision, so that defendant's motion for peremptory instruction should have been granted."

We have reviewed the record bearing upon this issue and have concluded that George W. Ferris was not guilty of contributory negligence as a matter of law. Before we could reach any such conclusion it was necessary to show that his death resulted from the violation of some state statute or municipal ordinance, Estes v. Davis (Tex.Civ.App.) 28 S.W.(2d) 565; Davis v. Estes (Tex.Com.App.) 44 S.W. (2d) 952, or that the established facts are such that the mind can draw no other conclusion than that the boy was negligent. G., H. & S. A. Ry. Co. v. Duty (Tex.Com. App.) 277 S.W. 1057, 1059, affirming (Tex. Civ.App.) 267 S.W. 744. No effort was made to show that he had violated any state law just previous to the collision. A city ordinance was introduced which expressly provided that it should not be enforceable "if at the time and place of the alleged violation the sign herein required is not in proper position and sufficiently legible to be seen by an ordinary observer." The ordinance provided that there should be placed a sign, either in the surface of the street or at the side thereof, directing traffic to stop at such point. There is no evidence in the record that such a sign as the ordinance required had been placed in a proper position and was sufficiently legible to be seen by an ordinarily observant person. If the boy had lived and been prosecuted for violating the ordinance, without the proof of these facts his conviction could not have been sustained. It was necessary for the defendant to establish these facts before he can contend that the boy was guilty of contributory negligence for having violated the ordinance.

With reference to the other feature, Weems and Howell were the two witnesses whose testimony must be looked to. Weems testified that he did not see either the bicycle or the boy before the collision. Howell did not testify that he had observed the boy continuously from the time he first saw him coming out of the Capitol grounds between the posts and the time of the collision. His testimony shows that the only time he observed the boy was when he was passing the lights of witness' car. There was, therefore, considerable time in which there is no testimony to show in which direction the boy was looking. There is no evidence which tended to show the boy had ever used that part of the street prior to that time or a sufficient number of times to have known that there was a stop sign there.

With reference to the issue of keeping a lookout, it is said in Koock v. Goodnight (Tex.Civ.App.) 71 S.W.(2d) 927, 932: "The rule that one is presumed to have used ordinary care for his own protection against injury is of universal recognition and inures to the benefit of the injured party on the issue of contributory negligence, unless the evidence shows the contrary. And the cases cited by appellees go no further, we think, than to hold that, in the face of such settled presumption of due care, and that the deceased stopped, looked, and listened before going into a place of danger, if there be any interim wherein the witness failed to see the deceased just prior to the injury, the presumption then becomes available. Or, if the evidence on the issue of failure of the deceased to look be uncertain, equivocal or conflicting, * * * the jury may

weigh such presumption against it in support of the verdict."

In our opinion the evidence is insufficient to show as a matter of law that the boy was guilty of contributory negligence.

The second proposition urged is that the pleadings and evidence raised issues which the court failed to give, despite defendant's objection to their omission, that the speed and the manner the deceased was operating his bicycle at and immediately prior to the happening of the collision was negligence proximately causing the collision. The appellant pleaded that at the time of the collision and accident, and immediately prior thereto, plaintiffs' son, George W. Ferris, was riding his said bicycle in such a manner and such a rate of speed, to wit, at a speed in excess of twenty miles per hour, as to be unable to control the same and to bring it to a stop within sufficient radius to have prevented the accident in question, and further that deceased proceeded unlawfully on and into Eleventh street from and out of the Capitol grounds at an excessive and dangerous rate of speed without coming to a complete stop, and that the deceased was then and there operating a bicycle in and upon the streets of the city of Austin in a reckless, careless, and imprudent manner.

The court submitted special issue No. 24, inquiring whether the deceased at the time and immediately prior to the collision in question was operating his bicycle at a rate of speed in excess of twenty miles per hour, and the further issues inquiring as to proximate cause and whether the rate of speed constituted contributory negligence.

Complaint is made under this proposition that the court failed to charge on the grounds of negligence referred to in said objection and duly pleaded as above set out. The following is the objection: "Defendant further excepts to the Court's charge for the reason that the Court does not submit therein the issue raised by the pleadings of the defendant and the evidence as to whether the speed at which the bicycle was being operated and the manner of operating same at and immediately prior to the happening of the collision in question was or was not negligence proximately causing the collision which resulted in Ferris' death."

In our opinion this objection is not as specific, definite, and helpful as the law requires. Monzingo v. Jones (Tex.Civ. App.) 34 S.W.(2d) 662; Chase Bag Co. v. Longoria (Tex.Civ.App.) 45 S.W.(2d) 242, 243; City of Wichita Falls v. Whitney (Tex.Civ.App.) 26 S.W.(2d) 327. This contention is overruled.

What is here said is also true of the objections made to the court's issue submitting the measure of damages.

The third contention is that because the pleading and evidence raised the issues, which the court failed to submit contrary to defendant's objection that each of the alleged acts of negligence of the deceased inquired about in special issues Nos. 18, 21, 24, and 27 was the sole cause of the collision, the court has committed reversible error. The special issues mentioned inquire of the jury (a) whether the deceased failed to stop his bicycle at the stop sign where the Capitol driveway intersects Eleventh street; (b) whether at the time of and immediately prior to the collision the deceased's bicycle failed to have a burning light at the front thereof; (c) whether deceased at the time of and immediately prior to the collision was operating his bicycle at a rate of speed in excess of twenty miles per hour; and (d) whether deceased immediately prior to and at the time of the collision failed to keep a proper lookout for other vehicles upon said street. The exception taken is as follows: "Defendant excepts to the charge of the Court for the reason that said charge does not submit affirmatively all the defenses raised by the defendant's pleading and the evidence, and especially excepts to the failure of the Court to submit in connection with special issues Nos. 18, 21, 24 and 27 the inquiry as to whether the matters therein inquired about were the sole proximate cause of the accident under consideration."

The general rule is that where there are several grounds of negligence found, any one of which would entitle plaintiff to a judgment, the verdict should be sustained, notwithstanding errors with reference to other grounds. St. Louis, Santa Fe & T. Ry. Co. v. Houze (Tex.Civ.App.) 28 S.W.(2d) 865; St. Louis B. & M. Ry. Co. v. Cole (Tex.Civ.App.) 4 S.W.(2d) 1019; Id. (Tex.Com.App.) 14 S.W.(2d) 1024.

It is an established principle that errors not prejudicial to the substantial rights of a party constitute no ground for

**508**

reversal. Randall v. Merideth, 76 Tex. 669, 13 S.W. 576; Rankin v. Bell, 85 Tex. 28, 19 S.W. 874.

■ A proximate cause is not necessarily the sole cause. Texas Co. v. Blackstock (Tex.Civ.App.) 21 S.W.(2d) 13.

■ The court submitted the several acts of negligence charged, inquiring as to each whether it was the proximate cause. "Proximate cause" is broader and more comprehensive than "sole cause." More proof and a greater burden of evidence is required to prove that an alleged act of negligence is a sole cause than merely showing it to be either a proximate cause or the proximate cause. 30 Tex.Jur. 694, § 42.

■ Proof of the truth charging the deceased with either act of negligence would be a complete defense when shown to have been the proximate cause, and it was not necessary for the appellant to go further and show that it was the sole cause of the death of the boy. Therefore, the error, if any, is in appellant's favor, and the general rule is that a party cannot complain of errors committed by the trial court which are favorable to the complaining party. In our opinion, no reversible error is shown in this connection. El Paso Electric Co. v. Sawyer (Tex.Civ.App.) 291 S.W. 667, 668; M., K. & T. Ry. Co. v. Cardwell (Tex.Civ.App.) 187 S.W. 1073.

Propositions 4, 5, and 6 are to the effect that there is no evidence and no sufficient evidence to sustain the jury's answer to special issues Nos. 18 and 21, and that the answer to special issue No. 18 shows that the jury were biased and prejudiced to such an extent that the defendant did not receive a fair trial. We overrule these assignments.

■ Propositions 8 and 9, complaining that there is no pleading to sustain a recovery by plaintiffs of damages for services, if any, which the deceased would have rendered to his parents in the future, and no sufficient evidence to warrant the submission to the jury of the element of damages defined in paragraph (b) of special issue No. 31, inquiring as to the present cash value of such services, if any, as the deceased would in reasonable probability have rendered to the plaintiffs in the future, are overruled because the objections discussed in connection with these propositions were not included in the objections made to the court's charge. Objections to the court's charge upon the measure of damages should, for the purpose of aiding the trial judge, show what is the proper measure. Chase Bag Co. v. Longoria (Tex.Civ.App) 45 S.W.(2d) 242; Abilene & S. Ry. Co. v. Herman (Tex.Civ.App.) 47 S.W.(2d) 915.

The judgment is affirmed.